UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-133 (PJS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES WILBERT JACKSON,

        Defendant.

**GOVERNMENT'S POSITION REGARDING SENTENCING**

    The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Chelsea A. Walcker and Alexander D. Chiquoine, Assistant United States Attorneys, hereby submits this memorandum regarding the sentencing of Defendant James Wilbert Jackson. For the reasons described below, the United States respectfully requests that Jackson be sentenced to 36 months of imprisonment followed by 3 years of supervised release. Such a sentence represents a downward variance from the applicable Guidelines range, which the United States moves for herein, and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

**I.    The Criminal Offense**

    On June 4, 2020, Jackson brutally beat an innocent United States Postal Service employee who was simply doing his job. Over the course of the afternoon on June 4, 2020, Jackson repeatedly attempted to pick up a package that was later discovered to contain 494 grams of marijuana from a U.S. Post Office in Oakdale, Minnesota, without providing proper proof of identity or authorization to pick up the package. (PSR ¶¶ 7, 10; Plea Agreement ¶¶ 2(b), 2(g).) The package that Jackson

attempted to retrieve was addressed to his fictitious sister, "Kim Johnson," at a vacant address. (PSR ¶ 10.) Despite being told that the package could not be released to him without proof of identity or authorization, Jackson returned to the Post Office on multiple occasions that afternoon and continued to demand the package without providing the necessary documentation. (PSR ¶ 7; Plea Agreement ¶ 2(c).) Shortly before the Post Office closed for the day, Jackson again returned, demanded the package without providing the required documentation, and again was denied access to the package. (PSR ¶ 8; Plea Agreement ¶ 2(d).) This time, however, Jackson did not peacefully leave the Post Office. Instead, he leaped over the service counter and ran towards the mailroom to take the package himself. (PSR ¶ 8; Plea Agreement ¶ 2(d).) When a postal employee, B.K., blocked his path to the mailroom, Jackson pummeled B.K. in the head repeatedly. (PSR ¶ 8; Plea Agreement ¶ 2(e).) B.K. sustained numerous injuries from the attack, including a broken finger that required surgery to repair. (PSR ¶ 9; Plea Agreement ¶ 2(f).)

**II.    The Charges, Plea, and Sentencing Guidelines Calculations**

On July 9, 2020, Jackson was charged by Indictment with one count of Assault and Attempted Robbery of a Postal Employee, in violation of 18 U.S.C. § 2114(a), and one count of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) and (b). (PSR ¶ 1.) On March 31, 2021, Jackson pleaded guilty to Assault and Attempted Robbery of a Postal Employee. (PSR ¶ 2; Plea Agreement ¶ 1.)

The parties' plea agreement contemplated a total adjusted offense level of 23, a criminal history category of I, and a Sentencing Guidelines' imprisonment range of 46–57 months. (Plea Agreement ¶ 7(f).) The PSR's guidelines calculation differs from

2

that of the parties in one respect. Specifically, the PSR applies a 1-level increase pursuant to U.S.S.G. § 2B3.1(b)(6) because the taking of a controlled substance was an object of the offense. (PSR ¶¶ 21, 71.) The PSR calculates the resulting Sentencing Guidelines' imprisonment range as 51–63 months (PSR ¶ 69), whereas the parties calculated the range as 46–57 months (Plea Agreement ¶ 7(f)). The United States does not dispute that the PSR correctly calculates Mr. Jackson's Sentencing Guidelines' imprisonment range. However, the United States is bound by and will honor the plea agreement and the calculations set forth therein, which did not include application of the 1-level enhancement.

Pursuant to the plea agreement, the United States agreed to argue for a sentence at or below the bottom of Jackson's Guidelines range, while Jackson reserved the right to argue for a below-Guidelines sentence. (Plea Agreement ¶¶ 8(a)–(b).) The parties jointly recommend that Jackson's sentence include a minimum 3-year term of supervised release with specific conditions. (Plea Agreement ¶ 8(c).) Jackson also agreed to pay restitution, which is mandatory, to the victim of his offense. (Plea Agreement ¶ 12.) Jackson waived his appeal rights so long as the sentence he receives is not greater than 46 months. (Plea Agreement ¶ 13.) Jackson also waived his rights under 28 U.S.C. § 2255, except with regard to a claim of ineffective assistance of counsel. (Plea Agreement ¶ 13.)

### III. The United States' Sentencing Recommendation and Application of the Section 3553(a) Factors

Consistent with the parties' plea agreement, the United States respectfully requests that the Court sentence Jackson to 36 months of imprisonment followed by

3

3 years of supervised release. Such a sentence represents a 30% downward variance from the bottom of the advisory Sentencing Guidelines range. This sentence is appropriate based on consideration of the factors set forth in 18 U.S.C. § 3553(a). In particular, this sentence is appropriate given the nature and circumstances of the offense, Jackson's history and characteristics, and the need to afford adequate deterrence and promote respect for the law. Jackson is also obligated to fully compensate victim B.K. for his medical costs resulting from the offense.

### A. A Sentence of 36 Months' Imprisonment Reflects the Seriousness and the Nature and Circumstances of Jackson's Offense.

Jackson committed a serious crime that is deserving of appropriately serious punishment. Jackson not only attempted to steal a package from a Post Office, but he attempted to steal a package containing nearly 500 grams of marijuana. He also brutally beat a postal employee who tried to stop him from unlawfully taking the package. Jackson's conduct was intentional, albeit impulsive. He repeatedly returned to the Post Office and continued to try to convince postal employees to give him the package even after being denied access. He knew that he would continue to be denied access to the package without showing proper documentation, which he knew that he could not produce. Frustrated by his failed efforts to retrieve the package containing a large amount of illicit drugs, he resorted to using violence to force his way towards the mailroom and attacked a postal employee who stood in his path. Fortunately, other postal employees stepped in to assist in restraining Jackson until police arrived.

It bears emphasis that the postal employees who were victimized by Jackson's offense—both B.K. and those who bore witness to the crime—were simply trying to do

their job and safeguard the safety, security, and integrity of the nation's mail. These frontline employees have already overcome enormous challenges as a result of the COVID-19 pandemic, with many working longer hours with a reduced workforce while trying to manage a surge in mail volume. They deserve the right to work in a safe and secure environment. Nonetheless, Jackson had no compunction in attempting to raid the Post Office for a package he had no right to take (and that was unlawful to possess). His crime will likely have a lasting impact on the postal employees who were present during the offense, at least one of whom sustained serious physical injuries. The depravity of Jackson's offense warrants a sentence of 36 months of imprisonment.

    **B.   A Sentence of 36 Months' Imprisonment Accounts for Jackson's History and Characteristics.**

Jackson's history and characteristics offer mitigating factors and support a below-Guidelines-range sentence. In mitigation and in support of a downward variance, Jackson is only 23 years old, he has a criminal history score of 0, he has never spent a day in prison and no more than a few days in jail, he has a supportive home environment, and he has had success while on pretrial release. Since his release from custody on August 28, 2020, Jackson has remained in compliance with all but one of the Court-ordered conditions of his release—that he participate in mental health treatment—because he could not afford to continue treatment. Jackson has managed to maintain relatively steady jobs and made it to his senior year of high school despite having trouble in school, which he attributes to his learning disability and anxiety, and is only a few classes short of graduating. He also has enjoyed the benefit of a stable upbringing with a supportive family. Jackson's desire to start his own business

5

demonstrates that he possesses ambition and enterprise. Importantly, Jackson demonstrates remorse for his crime and promptly pleaded guilty pursuant to a plea agreement, which has saved the United States and the Court valuable time and resources. A sentence of 36 months—which is a downward variance from his advisory Guidelines range—will appropriately account for Jackson's history and characteristics. Such a sentence also will permit Jackson to be released from prison in his late 20s, with a life ahead of him.

### C. A Sentence of 36 Months' Imprisonment Reflects the Need to Afford Adequate Deterrence and Promote Respect for the Law.

A sentence of 36 months of imprisonment is necessary to provide some measure of deterrence and to promote respect for the law. Although Jackson admitted to his conduct, has almost no criminal history, and is unlikely to attempt to assault and rob a postal employee in the future, a sentence of 36 months in prison is nonetheless appropriate to provide a general deterrent and to promote respect for the law. Jackson's offense reveals a disrespect for the law and for others around him. He continued to demand the package containing illicit drugs and then resorted to attempted theft and violence when he did not get his way. A sentence of 36 months will convey to Jackson— and to others considering engaging in similar criminal acts—that attempting to steal from a Post Office or assaulting a postal employee will result in serious consequences. For these reasons, 36 months' imprisonment is necessary to achieve the goal of deterrence and to promote respect for the law.

### D. A 3-Year Term of Supervised Release is Warranted.

Jackson must be supervised following his release from prison to ensure that he remains law-abiding. A 3-year term of supervised release will provide Jackson a

sufficient period of resources, support, and incentives to remain law-abiding following his release. Given the nature of Jackson's violent offense, the parties jointly recommend a supervised release term of 3 years with conditions related to substance abuse, mental health programming, and restricting victim contact.

### E.     Jackson Should Be Ordered to Pay Full Restitution.

Restitution is mandatory in this case and should be ordered. (PSR ¶ 80; Plea Agreement ¶ 12; 18 U.S.C. § 3663A.) As referenced in the Preliminary Sentence Report and agreed to by Jackson in the plea agreement, Jackson should be ordered to pay $4,597.60 in restitution to B.K., the victim of his offense. (PSR ¶ 80; Plea Agreement ¶ 12.) This amount reflects actual loss caused by Jackson's conduct.

## IV.    Conclusion

For the reasons set forth above, the United States respectfully asks the Court to sentence Jackson to 36 months of imprisonment followed by 3 years of supervised release. Such a sentence is commensurate with Jackson's criminal conduct and consistent with the Section 3553(a) factors. Finally, Jackson should be ordered to pay full restitution to the victim of his crimes.

Dated: July 14, 2021                              Respectfully Submitted,

                                                  W. ANDERS FOLK
                                                  Acting United States Attorney

                                                  /s/ Chelsea A. Walcker
                                      BY:         CHELSEA A. WALCKER
                                                  (Attorney ID No. 0396792)
                                                  ALEXANDER D. CHIQUOINE
                                                  (Attorney ID No. 0396420)
                                                  Assistant United States Attorneys